## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENELL LOUISE BENNETT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-09-2264 |
| UNITED STATES DISTRICT COURT CLERK | * | |
| Defendant | * | |
| | *** | |

## **MEMORANDUM OPINION**

The above-captioned case was filed on August 25, 2009. Plaintiff seeks a writ of mandamus ordering "the Honourable (sic) Judge to enforce upon the Maryland Motor Vehicle Administration to permanently remove [Plaintiff's] name and all [Plaintiff's] ownership rights, from my ex-husband Felix Adalberto Claros" car. Paper No. 1. Plaintiff alleges that there are liens on the vehicle which were discharged during her bankruptcy proceeding and her name should have been removed from the title of the car after her divorce. *Id*. Plaintiff claims the Motor Vehicle Administration's intentional failure to remove her name from the title of her ex-husband's car is now preventing her from renewing tags for her car. *Id*.

In order to grant relief in this case, the Court would be required to issue a mandate requiring a state court to issue an order requiring either Plaintiff's ex-husband to immediately take steps to comply with the divorce decree, or requiring the Motor Vehicle Administration to correct its records. This Court has no jurisdiction to command a State court to so act. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). *See also* 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d

818, 826 (4th Cir.1987).  Plaintiff has an available remedy through filing an appropriate action in state court.

The petition will be dismissed without prejudice by separate Order which follows.

September 2, 2009

/s/
PETER J MESSITTE
UNITED STATES DISTRICT JUDGE